FILED
DISTRICT COURT OF GUAM
JUN 19 2006
MARY L.M. MORAN
CLERK OF COURT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/06

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone: (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324

06-00018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Civ. Action No. 06-civ-2856 (GEL) |
| EXETER VENTURE LENDERS, LP and EXETER EQUITY PARTNERS, LP | ) |
| Defendants. | ) |

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and judgment and the appointment of the SBA as Permanent Receiver for Exeter Venture Lenders, LP and for a permanent injunction and the appointment of the SBA as Permanent Receiver for Exeter Equity Partners, LP. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted:

Returned to chambers for scanning on 6/7/06.
Scanned by chambers on _____.

MICROFILM
JUN - 6 2006 -9:00 AM
ORIGINAL
Case 1:06-mc-00018    Document 2    Filed 06/19/2006    Page 1 of 11

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Exeter Venture Lenders, LP ("Exeter Venture"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Exeter Venture to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Exeter Venture's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Exeter Equity Partners, LP ("Exeter Equity"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Exeter Equity to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Exeter Equity's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of Exeter Venture under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of Exeter Venture are hereby dismissed. Such persons shall have no authority with respect to Exeter Venture's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Exeter Venture and shall pursue and preserve

all of its claims.

4. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of Exeter Equity under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of Exeter Equity are hereby dismissed. Such persons shall have no authority with respect to Exeter Equity's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Exeter Equity and shall pursue and preserve all of its claims.

5. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Exeter Venture, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Exeter Venture shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Exeter Venture as well as the names, addresses and amounts of claims of all known creditors of Exeter Venture. All persons having control, custody or possession of any assets or property of Exeter Venture, including Exeter Venture's former General Partner, Exeter Venture Advisors, Inc., are hereby directed to turn such property over to the Receiver.

6. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Exeter Equity, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents,

accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Exeter Equity shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Exeter Equity as well as the names, addresses and amounts of claims of all known creditors of Exeter Equity. All persons having control, custody or possession of any assets or property of Exeter Equity, including Exeter Equity's former General Partner, Exeter Equity Advisors, Inc., are hereby directed to turn such property over to the Receiver.

7. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Exeter Venture. All persons and entities owing any obligations or debts to Exeter Venture shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Exeter Venture had received such payments.

8. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Exeter Equity. All persons and entities owing any obligations or debts to Exeter Equity shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Exeter Equity had received such payments.

9. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Exeter Venture, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to

expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

10. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Exeter Equity, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

11. Exeter Venture's past and/or present officers, directors, agents, managers, general

partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Exeter Venture. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Exeter Venture or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Exeter Venture, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

12. Exeter Equity's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Exeter Equity. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Exeter Equity or any other matter relevant to the operation or

administration of the Receivership or the collection of funds due to Exeter Equity, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

13. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Exeter Venture or any assets of Exeter Venture, involving Exeter Venture or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Exeter Venture's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Exeter Venture, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

14. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Exeter Equity or any assets of Exeter Equity, involving Exeter Equity or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Exeter Equity's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Exeter Equity, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

15. All civil legal proceedings wherever located, including arbitration proceedings,

foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Exeter Venture or any of its assets or any action of any nature taken by Exeter Venture's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

16. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Exeter Equity or any of its assets or any action of any nature taken by Exeter Equity's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

17. Exeter Venture and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Exeter Venture to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

18. Exeter Equity and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Exeter Equity to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

19. The Receiver is authorized to borrow on behalf of Exeter Venture, from the SBA, up to $1,000,000, and is authorized to cause Exeter Venture to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Exeter Venture, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Exeter Venture.

20. The Receiver is authorized to borrow on behalf of Exeter Equity, from the SBA, up to $1,000,000, and is authorized to cause Exeter Equity to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Exeter Equity, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders

of Exeter Equity.

21. This Court determines and adjudicates that Exeter Venture has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Exeter Venture's license as an SBIC be revoked.

22. This Court determines and adjudicates that Exeter Equity has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Exeter Equity's license as an SBIC be revoked.

23. The United States Small Business Administration is further entitled to a judgment against Exeter Venture in the total sum of $7,671,315.86 as of April 17, 2006, consisting of $7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

AGREED TO AND CONSENTED TO:

EXETER VENTURE LENDERS, LP

By: _____

EXETER EQUITY PARTNERS, LP

By: _____

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris
Director, Office of Liquidation

SO ORDERED this 5th day of June, 2006

_____
THE HONORABLE GERARD E. LYNCH
UNITED STATES DISTRICT JUDGE